## JOHN DAVIS v. STATE.

No. A-7083. Opinion Filed July 24, 1930.
(290 Pac. 347.)

Sigler & Jackson and R. A. Howard, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter called the defendant, was convicted of driving an automobile while intoxicated, and his punishment fixed at confinement in the state penitentiary at McAlester for a term of six months, and a fine of $500.  From which judgment the defendant has appealed.

The evidence on the part of the state, in substance, shows that on the 21st day of February, 1927, the defendant was driving a car down East Main street, of the city of Ardmore; the officers stated they started to follow him; they went up E street about two blocks and turned up F street and came back to the end of the viaduct where the defendant had stopped his car; defendant stopped his car on E street, northeast, between Fourth and Fifth avenue; "when we got to the car we found three women and Mr. Davis in the car; Mr. Davis was drunk and all the women were too; we arrested them and brought them down and put them in jail."

On cross-examination witness stated: "I first saw them on East Main street; I saw them turn north on F street and started following them up F street, when I caught up with them I found them between Fourth and Fifth avenue."  Witness was then asked with reference to certain testimony in the examining trial, the greater part of which was excluded from the jury as being incompetent.

The testimony further shows that the street on which they were driving at the time of his arrest was a public street in the city of Ardmore, Carter county, Okla.

No testimony was offered by the defendant.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. The first assignment of error is: "The court erred in overruling the defendant's motion for new trial." This assignment of error covers all the objections raised by the other assignments. At the close of the state's testimony the defendant demurred to the evidence of the state for the reason that the same did not prove facts sufficient to constitute a crime against the laws of the state of Oklahoma, and for the reason there is a fatal variance between the information and the proof offered. Which demurrer was overruled, and the defendant duly excepted.

The defendant at the close of all the testimony moved the court to instruct the jury to return a verdict for the defendant for the reasons stated in his demurrer heretofore filed, which was overruled, and the defendant duly excepted. The defendant urges that his demurrer to the testimony should have been sustained by the court for the reason that the state did not prove that the point at which the defendant started to drive the car while intoxicated was unknown to the state. We have carefully examined the information and the proof offered by the state in support of the allegations, and we hold that the proof is sufficient to sustain the allegations in the information. That is, the proof shows that when the state witness saw the defendant first on East Main street, and driving on the public streets of the city of Ardmore, and went on to where he stopped his car, the defendant was intoxicated, using the language of the witness, "he was drunk." The proof is sufficient to sustain the allegations in the information. The defendant was accorded a fair and impartial trial. The instructions of the court taken in their

entirety substantially advised the jury as to the law applicable to the facts in the case.

Finding no prejudicial or fundamental errors in the record, the judgment is affirmed.

EDWARDS, P. J., concurs. CHAPPELL, J., not participating.